UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SUSAN V. TIOPGRAPH,<br>11 Park Place<br>Suite 914<br>New York, NY 10007,<br><br>PLAINTIFF<br>vs.<br><br>UNITED STATES<br>DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Ave., NW<br>Washington, DC 20530<br><br>DEFENDANT | Judge _____<br>Civil Action No. _____ |

## **COMPLAINT**

## THE PARTIES

1. Plaintiff Susan V. Tipograph is a practicing attorney in New York who represents Marie Jeanette Mason, an imprisoned environmental activist.

2. Defendant Department of Justice (DOJ) is an agency of the United States.

3. The Federal Bureau of Investigation (FBI) is a component of the DOJ. The FBI has possession, custody and control of the records Plaintiff seeks.

## JURISDICTION AND VENUE

4. This action arises under the Freedom of Information Act ("FOIA"), 5 USC § 552.

1

5.      This Court has jurisdiction over the parties and subject matter pursuant to 5 USC § 552(a)(4)(B).

6.      Venue is proper in this district pursuant to 5 USC § 552(a)(4)(B).

STATEMENT OF FACTS

**BACKGROUND**

7.      The draconian sentencing of Marie Mason to nearly 22 years in federal prison has undoubtedly chilled the free speech practices of other animal rights and environmental activists.  Ms. Mason accepted a plea bargain in September 2008 rather than face a life sentence for the role she played in two acts of property destruction, which involved damage to a Michigan State University office conducting GMO (genetically modified organism) research and a piece of logging equipment.  She has since been placed in a "control management"-type prison unit because of her status as a political prisoner.  Ms. Mason is one of the hundreds of activists targeted by the government in its attempt to quell First Amendment protected protest activity related to animal rights and the environment, which has become known as the "Green Scare."

8.      The Green Scare and the disproportionate sentencing of Ms. Mason for a crime that resulted in no injuries to human life are illustrative of the profound influence of private business on government operations.  Corporate America has played a key role in lobbying the government to create laws and enhanced sentencing that punish political speech and direct action with the potential for disrupting a corporation's bottom line. The Animal Enterprise Terrorism Act is just one example of the government's overreaching, overbroad and unconstitutional legislation designed to privilege the desires of corporations over the rights of citizens to dissent.  Ms. Mason is one of many activists who have been labeled a domestic terrorist for engaging in activities with the potential to

disrupt corporate profits and, as a result, received an unduly harsh sentence for crimes that are routinely punished with much less severe consequences.

## PLAINTIFF'S FOIA REQUEST AND APPEAL

9. On December 22, 2011, Plaintiff sent a FOIA/PA request to the FBI via United States Postal Service Certified mail, postage prepaid (# 7011 1570 0002 4266 9849) requesting a copy of "any records that were prepared, received, transmitted, collected and/or maintained by the FBI relating to Marie Mason" for the period between January 26, 1962 and November 7, 2011. The request included a privacy waiver signed by Marie Mason authorizing disclosure of responsive records to Plaintiff. Plaintiff's request and any attachments are incorporated by reference as if set forth fully herein.

10. In a letter sent to Plaintiff dated January 5, 2012, the FBI acknowledged receipt of Plaintiff's FOIA/PA request described in the previous paragraph and assigned it tracking number 1180058-000.

11. The FBI's response to Plaintiff's FOIA/PA request (1169540-000) was due, at the latest, twenty working days after the FBI acknowledged receipt of it on January 5, 2012, which would have been August 1, 2011.

12. Plaintiff received a letter dated March 22, 2012 from the FBI regarding her request 1169540-000 stating that the material Plaintiff requested is "located in an investigative file which is exempt from disclosure pursuant to 5 U.S.C. § 552(b)(7)(A)."

13. On or about April 18, 2012, Plaintiff sent a letter to OIP via First Class mail, postage prepaid, appealing the FBI's denial of her FOIA request (1169540-000). In her appeal, Plaintiff argued that the FBI's withholding of records under Exemption 7(A) was improper, that the FBI failed to release segregable information, and that the FBI's search was inadequate. Plaintiff's appeal letter and any attachments are incorporated by reference as if set forth fully herein.

14. In a letter sent to Plaintiff dated May 3, 2012, OIP acknowledged receipt of Plaintiff's FOIA appeal described in the previous paragraph and assigned it tracking number AP-2012-02126.

15. In a letter sent to Plaintiff dated September 11, 2012, regarding appeal AP-2012-02126, OIP affirmed the decision of the FBI.

**THE FBI'S POLICY OR PRACTICE OF APPLYING EXEMPTION 7(A) AT THE FILE LEVEL**

16. In addition to the FBI's file level invocation of Exemption 7(A) in response to Plaintiff's FOIA request which IS the subject of this suit, the FBI has invoked Exemption 7(A) in numerous other instances. For example, in response to other individuals' FOIA requests regarding Marie Jeanette Mason (tracking number 1183788-000), Camille Scannello Hankins (tracking number 1169791-000), Joshua Caleb Harper (tracking number 1149883-000), certain NCIC records (1166938-000), the murder of Hyram Kitchen (1159897-000), Carrier IQ (1178636-000), and Will Potter (1162368-001), the FBI invoked Exemption 7(A) at the file level. In each of these instances in which the FBI invoked Exemption 7(A), it used identical language to that contained in the response to Plaintiff's FOIA request 1169540-000.

COUNT I:
VIOLATION OF FOIA

17. This Count realleges and incorporates by reference all of the preceding paragraphs.

18. Defendant has violated FOIA by improperly withholding records under Exemption 7(A), failing to release segregable information, and conducting an inadequate search for records responsive to Plaintiff's FOIA request 1169540-000.

COUNT II:
VIOLATION OF FOIA (POLICY, PRACTICE, OR STANDARD OPERATING PROCEDURE)

19. This Count realleges and incorporates by reference all of the preceding paragraphs.

20. Defendant has violated FOIA by improperly withholding records under Exemption 7(A), failing to release segregable information, and conducting an inadequate search for records responsive to Plaintiff's FOIA request 1169540-000.

21. Upon information and belief, the FBI maintains an ongoing policy, practice, or standard operating procedure ("SOP") of invoking Exemption 7(A) at the file level rather than the record level. In other words, when an individual requests records which are located within an investigative file which the FBI believes to be subject to Exemption 7(A), the FBI will not release any records that are located in that file, even if the release of the records could not reasonably be expected to interfere with law enforcement proceedings.

22. Upon information and belief, OIP maintains an ongoing policy, practice, or SOP of affirming invocations of Exemption 7(A) at the file level.

23. In 1974, Congress amended FOIA to replace the word "file" with the word "record" in order to prevent agencies from invoking Exemption 7(A) at the file level.

24. The Court has virtually unlimited equitable authority to declare a "sufficiently outrageous" ongoing policy or practice to be unlawful even if the agency reverses its position with respect to the FOIA request in question.

25. The FBI's policy, practice, or SOP of invoking Exemption 7(A) at the file level is a violation of FOIA. OIP's policy, practice, or SOP of affirming invocations of Exemption 7(A) at the file level is a violation of FOIA. These practices constitute

outrageous conduct for purposes of the broad equitable powers provided by FOIA to the Court. Such a policy is arbitrary, capricious, an abuse of discretion, or otherwise contrary to law.

26. Plaintiff stands to continue to be harmed by these ongoing practices in the future. She intends to file additional FOIA requests in the future relating to records which are likely to be contained in investigative files, and as such is likely to be improperly denied records on this basis in future requests.

27. Plaintiff is therefore entitled to relief in the form of a declaratory order that the FBI and OIP are in violation of their statutory responsibilities under FOIA and an injunction compelling the FBI and OIP pursuant to that statute to cease invoking Exemption 7(A) at the file level and affirming invocations of Exemption 7(A) at the file level.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Declare Defendant's failure to comply with FOIA to be unlawful;

(2) Declare the FBI and OIP's invocation of Exemption 7(A) at the file level to be unlawful;

(3) Enjoin Defendant from continuing to withhold the records responsive to Plaintiff's FOIA request and otherwise order Defendant to produce the requested records without further delay;

(4) Enjoin Defendant from continuing to invoke and affirm invocations of Exemption 7(A) at the file level;

(5) Grant Plaintiff an award of attorney fees and other litigation costs reasonably incurred in this action pursuant to 5 USC § 552(a)(4)(E)(i); and

(6) Grant Plaintiff such other and further relief which the Court deems proper.

Respectfully Submitted,

__/s/ Jeffrey Light_____

Jeffrey L. Light
D.C. Bar #485360
1712 Eye St., NW
Suite 915
Washington , DC 20006
(202)277-6213

*Counsel for Plaintiff*