UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SUSAN TIPOGRAPH, )<br>)<br>PLAINTIFF )<br>vs. )<br>)<br>DEPARTMENT OF JUSTICE, )<br>)<br>DEFENDANT )<br>)<br>_____ ) | Civil Action No. 1:13-cv-239 (CRC) |

## PLAINTIFF'S MOTION FOR RECONSIDERATION

Pursuant to Fed. R. Civ. Pro. Rule 59(e), Plaintiff respectfully moves for reconsideration of the judgment of the Court in favor of Defendant as to Count II of the Complaint.

Undersigned counsel has conferred with counsel for Defendant who does not consent to the relief sought in this motion.

Dated this 15th day of April, 2015.

                                                                                                                                    Respectfully Submitted,

                                                                                                                                    ___/s/ Jeffrey Light_____

                                                                                  Jeffrey L. Light
                                                                                   D.C. Bar #485360
                                                                                   1712 Eye St., NW
                                                                                   Suite 915
                                                                                   Washington, DC 20006
                                                                                   (202)277-6213
                                                                                   Jeffrey.Light@yahoo.com

                                                                                   *Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SUSAN TIPOGRAPH,<br><br>　　　　　　PLAINTIFF<br>　vs.<br><br>DEPARTMENT OF JUSTICE,<br><br>　　　　　　DEFENDANT | )<br>)<br>) Civil Action No. 1:13-cv-239 (CRC)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION**

　　Pursuant to Fed. R. Civ. Pro. Rule 59(e), Plaintiff respectfully moves for reconsideration of the judgment of the Court in favor of Defendant as to Count II of the Complaint.

**I.　　LEGAL STANDARD**

　A motion to alter or amend a judgment pursuant to Rule 59(e), colloquially referred to as a motion for reconsideration, may be granted where "the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Anyanwutaku v. Moore*, 151 F.3d 1053, 1057 (D.C. Cir. 1998).

1

Case 1:13-cv-00239-CRC Document 40 Filed 04/15/15 Page 3 of 8

## II. THE COURT COMMITTED CLEAR ERROR BY GRANTING SUMMARY JUDGMENT TO THE DEFENDANT ON COUNT II WHERE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT NEVER ARGUED THAT IT WAS ENTITLED TO PREVAIL ON COUNT II.

### A. Motion for Summary Judgment on Count II as to the FBI

In Count II of her Complaint, Plaintiff alleges that the FBI maintains a policy or practice of asserting Exemption 7(A) at the file-level during administrative proceedings. Defendant's Motion for Summary Judgment made no argument whatsoever with respect to the allegations in Count II with respect to the FBI. As a result, Plaintiff did not address the issue in her Opposition to Defendant's Motion for Summary Judgment. The portion of Defendant's final brief that consisted of its reply in support of its Motion for Summary Judgment likewise did not address the issue. Defendant's brief did contain three paragraphs on the issue, but these arguments were contained in a section that Defendant identified as only being part of its opposition to Plaintiff's Cross-Motion, rather than in support of its motion for summary judgment.

Pursuant to Fed. R. Civ. Pro. Rule 56(f), the Court may grant summary judgment on a ground not raised by a party, but it may only do so "[a]fter giving notice and a reasonable time to respond." In this case, Plaintiff was not on notice that the Court was considering the grant of summary judgment to Defendant as to Count II with respect to the FBI's policy.

Plaintiff did make arguments about the FBI's policy or practice in her Cross-Motion for Summary Judgment, but each party "must carry its own burden under the applicable legal standard" for summary judgment. *Ehrman v. United States*, 429 F. Supp. 2d 61, 67 (D.D.C. 2006). The fact that the Court concluded that Plaintiff failed to meet her burden

of proof on her own motion "does not automatically indicate that the opposing party has satisfied its burden and must be granted summary judgment on its motion." *Peterson v. Wilmur Communs., Inc.*, 205 F. Supp. 2d 1014, 1017 (E.D. Wis. 2002).

In this case, the Court found that "Tipograph has not established that forgoing the document-by-document review required by Exemption 7(A) is a widespread practice at the FBI[.]" (Mem. Op. at 8.) However, the Court did not find that *Defendant* had met its burden of demonstrating compliance with FOIA. Far from showing the absence of a dispute as to material facts, the Court noted that the "Hardy declaration is noticeably ambiguous on the scope of review at the administrative level[.]" (Mem. Op. at 8.)

The Court's opinion also fails to take note of the five other letters from the FBI submitted by Plaintiff as an exhibit. As Defendant admitted in its Answer, these five letters from the FBI, as well as six of the seven letters referred to by Plaintiff in her Complaint, contain language regarding Exemption 7(A) that is identical to the language in the denial letter sent by FBI to Plaintiff. (CMSJ Ex. 1; Answer ¶ 16.)

Had Plaintiff been on notice that the Court was considering summary judgment against her on Count II as to the FBI's policy or practice, additional evidence could have been submitted. Attached to this motion are additional letters from the FBI containing similar or identical language regarding Exemption 7(A) being asserted at the file level. (Ex. 1.) Further, the same scenario that took place in this case – a file-level denial pursuant to Exemption 7(A) at the administrative stage followed by voluntary release of the material after litigation was commenced – has also occurred in other recent cases. *See e.g.*, *Watters v. DOJ*, 2013 U.S. Dist. LEXIS 117701 (N.D. Okla. Aug. 20, 2013); *Sciacca v. FBI*, 23 F. Supp. 3d 17 (D.D.C. 2014).

3

Because the Court clearly erred in granting summary judgment to Defendant as to the FBI's policy or practice, the Court should now reconsider its order granting summary judgment to Defendant as to Count II and vacate the judgment in favor of Defendant as to this Count.

### B. Motion for Summary Judgment on Count II as to OIP

In Count II of her Complaint, Plaintiff also alleged that the Department of Justice's Office of Information Policy (OIP) maintains a policy or practice of affirming the FBI's improper assertion of Exemption 7(A) at the file-level during administrative proceedings. Defendant's Motion for Summary Judgment made no argument whatsoever with respect to the allegations in Count II as to OIP. As a result, Plaintiff did not address the issue in her Opposition to Defendant's Motion for Summary Judgment. Plaintiff did address the issue in her Cross-Motion for Summary Judgment and included several letters from OIP affirming improper file-level assertions of Exemption 7(A) by the FBI. In its final brief, Defendant submitted no declarations from OIP employees denying the existence of the alleged policy or practice, and made no arguments at all with regard to the existence or non-existence of the alleged OIP policy or practice.

The Court's opinion did not acknowledge Plaintiff's challenge to OIP's policy or practice and it is not clear whether the Court implicitly rejected the challenge or instead simply overlooked it. It is possible that the court determined that it did not need to reach the challenge to OIP's policy or practice because it found that Plaintiff had not demonstrated that the FBI's alleged policy or practice was widespread. However, the existence *vel non* of a policy or practice by OIP of affirming file-level assertions of

Exemption 7(A) does not depend on a finding that the FBI's assertion of Exemption 7(A) at the file level in administrative proceedings is widespread. If, for example, the FBI only occasionally asserts Exemption 7(A) at the file level but OIP invariably rubber-stamps the decision, it could be the case that OIP's policy or practice merits injunctive and declaratory relief even if the FBI's does not.

Again, if the Court found that Plaintiff had not met her burden, it should have gone no further than denying her motion for summary judgment. As explained above, the failure of one party to meet its burden to obtain summary judgment does not automatically justify the entry of summary judgment for the other party. The Court should now reconsider its order granting summary judgment to Defendant as to Count II and vacate the judgment in favor of Defendant as to this Count.

### III. THE COURT COMMITTED CLEAR ERROR WHEN IT *SUA SPONTE* DENIED PLAINTIFF ATTORNEY FEES.

The Court *sua sponte* held that Plaintiff is not entitled to attorney fees. However, the parties never briefed the issue of Plaintiff's entitlement to attorney fees and costs. The reason that Plaintiff did not include a request for attorney fees in her Motion for Summary Judgment is that courts generally disfavor the award of attorney fees prior to the conclusion of the case. *See Biberman v. FBI*, 496 F. Supp. 263, 265 (S.D.N.Y. 1980) (noting "inefficiency" of interim fee award); *Allen v. FBI*, 716 F. Supp. 667, 669-72 (D.D.C. 1989) (recognizing that although court may order payment of interim fees, it should be done only "in limited circumstances"). At the time that the parties brief their cross-motions for summary judgment, Plaintiff did not know whether or not she would obtain court-ordered relief. Therefore, Plaintiff believed it was premature to seek an

5

award of attorney fees with respect to the time spent obtaining the voluntary release of records from the FBI.

In addition to its clear procedural error in prematurely ruling on the issue of attorney fees, the Court clearly erred in applying the substantive law as to eligibility for attorney fees under FOIA. The Court cited *Weisberg v. Dep't of Justice*, 745 F.2d 1476, 1496 (D.C. Cir. 1984) for the proposition that a "plaintiff may not recover attorney's fees in a FOIA action merely because the agency released additional documents after the plaintiff filed a complaint in federal court." While this is a correct statement of law, *Weisberg* is readily distinguishable from the present case.

*Weisberg* teaches that "[i]t is well established in this circuit that this inquiry is largely a question of causation." *Id.* In *Weisberg*, it was "not at all clear from the record that the lawsuit actually caused the Department to release the documents or, conversely, whether the release was in reality pursuant to the administrative request." *Id.* at 1497. In this case, however, there can be no question that Plaintiff's lawsuit caused the release of documents by the FBI. Plaintiff pursued her administrative remedies, but OIP affirmed the FBI's assertion of Exemption 7(A) as to all of the requested material. Thus, had Plaintiff not filed a lawsuit, she would have received no documents. Plaintiff therefore obtained a "voluntary or unilateral change in position by the agency" 5 U.S.C. § 552(a)(4)(E)(ii) making her eligible for attorney fees.[1] The Court did not find as a matter of fact that some factor other than Plaintiff's lawsuit caused the release of the requested documents by the

---

[1] Plaintiff also obtained a voluntary release of "duplicate" documents as a result of her cross-motion for summary judgment. The release of these documents is a separate and independent rationale for finding Plaintiff eligible for attorney fees.

FBI. Given the obvious causal nexus in this case, the Court clearly erred in holding that Plaintiff is not entitled to attorney fees.

Rather than proceeding to immediately brief the issue of entitlement to attorney fees at this time, Plaintiff requests that the Court vacate the portion of its opinion denying attorney fees to Plaintiff and order the parties to meet and confer on the resolution of the attorney fees issue. If the parties are able to settle the issue of costs[2] and attorney fees, no further judicial resources will need to be expended. If not, the parties could propose a schedule for briefing the issue of costs and attorney fees.

           Respectfully Submitted,

           __/s/ Jeffrey Light_____

           Jeffrey L. Light
           D.C. Bar #485360
           1712 Eye St., NW
           Suite 915
           Washington, DC 20006
           (202)277-6213
           Jeffrey.Light@yahoo.com

           *Counsel for Plaintiff*

---

[2] The Court's opinion made no finding as to Plaintiff's entitlement to costs. Presumably, however, the Court intended to deny costs to Plaintiff as well. If the Court grants this Motion, Plaintiff requests that she be permitted to argue as to her entitlement to costs as well as attorney fees.

7